Curia, per

Harper, J.
I cannot discover any authority whatever for the only ground on which the prisoner rests his motion. The case of Young and others vs. The King, 3 T. R. 98, to which reference is made in the passage quoted from 1 Chit. Cr. L. 253, is decidedly opposed to the inference attempted to be drawn from it. It relates to the case of several counts, charging distinct offences of the same nature, against the defendant. It is said that in cases of misdemeanor, this is no objection. Justice Bvller, however, says,- “’the case of felonies admits of a different consideration; but even in such cases, it is no objection in this stage of the prosecution. On the face of an indictment,- every count purports to be for a different offence,, and is charged at different times. And it does not appear on the record,- whether the cases are or are not distinct. But if it appear before the defendant has pleaded, or the jury are charged, that he is to be tried for separate offences, it has been the practice of the Judges to quash the indictment, lest it should confound the prisoner in his defence, or prejudice him in his challenge of the jury; for he might object to a juryman’s trying one of the offences, though he might have no reason to do so in the other. But these are only matters of prudence and discretion.” He adds, “ but if the case has gone the length of a verdict, it is no objection in .arrest of judgment. If it were, it would overturn every indictment *3 which contains several counts.” This would be decisive against the prisoner, if his case were similar to that. But it is not. He complains that charges which might have been the subject of distinct counts, or of distinct indict, ments, are included in one count. As observed in argument, this was altogether in favour of the prisoner; as an acquittal or conviction on that count would be a bar to any future prosecution for stealing either of the slaves; when otherwise, he might be exposed to three several prosecutions. If the fact had been, that two of the slaves named in the count had never been stolen at all, or if there were no such slaves in existence, no one would have doubted but that the count was sufficiently sustained by proof that he had stolen one of the slaves named. Can it make a difference that there were such slaves, and was evidence of his having stolen them ? The case of Rex vs. Benjield & Saunders, Burr. 980, seems to me stronger than the present. That was an information against five persons, containing four counts ; the first for riot, the second for libel, the third for riot and libel, and the fourth for singing the several libellous songs, concerning three distinct persons, in a riotous manner, before the prosecutor’s door. It was objected to the last count, that these were distinct offences, being libels on different persons, and might require a different fine. The Court regarded it as one offence, and denied the case of the King vs. Clendow, 2 Lord Raym. 1572, 2 Str. 870, which has been cited in this case, to be law. It was said, ‘ ‘ cannot the King call a man to account for a breach of the peace, because he broke two heads instead of one?” This was a case of misdemeanor; but as we have seen, the rule is the same after verdict, as to felonies and misdemeanors.
With all the consideration which we have been able to give it, we cannot discover any grounds for the prisoner’s motion, which must therefore be dismissed.
Johnson and O’Neall, JJ. concurred.